UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



TERESA ANN PARKER,

    Plaintiff,

v.                                          Civil Action No. 4:14cv60

WENDY'S INTERNATIONAL, INC.,
d/b/a WENDY'S OLD FASHIONED
HAMBURGER,

    Defendant.

OPINION AND ORDER

    This matter is before the Court on a motion to dismiss filed by Defendant Wendy's International, Inc. d/b/a Wendy's Old Fashioned Hamburger ("Defendant"). After examining the briefs and the record, the Court determines that oral argument is unnecessary because the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, Defendant's motion is **GRANTED**.

I. FACTUAL AND PROCEDURAL HISTORY

    Teresa Ann Parker ("Plaintiff"), a resident of Newport News, Virginia, alleges that, "on or about November 16, 2011," as she "was eating a bacon cheeseburger [that her husband] purchased from Defendant, she swallowed a foreign object which

was on the bacon cheeseburger as a result of the preparation of the bacon cheeseburger at Defendant's restaurant." Compl. ¶¶ 4-5, ECF No. 1-1.[1] Plaintiff asserts that "the foreign object was a thin, square, hard piece of plastic used to seal the end of plastic bags containing rolls for serving cheeseburgers and other items at Defendant's restaurant." Id. ¶ 6. Plaintiff claims that, "as a result of swallowing the thin, square, hard plastic item, it became lodged in her throat and rendered her unable to breathe," which caused Plaintiff's husband "to perform life saving procedures to dislodge the thin, square, hard plastic item from Plaintiff's throat." Id. ¶¶ 7-8. Plaintiff's Complaint alleges that, after "Plaintiff sought medical treatment on the same evening," she "returned to Defendant's restaurant . . . to advise the Defendant's representative of her injury and to show the Defendant's representative the thin,

---

[1] The facts of this case, drawn from Plaintiff's Complaint, are assumed true for the purpose of deciding the motion currently before the Court. See Burbach Broadcasting Co. of Del. v. Elkins Radio Corp., 278 F. 3d 401, 406 (4th Cir. 2002). The facts recited here are not to be considered factual findings for any purpose other than consideration of the pending motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (observing that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint"); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) ("[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint.").

2

square, hard plastic item which had become lodged in her throat." Id. ¶¶ 9-10.

Plaintiff filed a Complaint in the Newport News Circuit Court, alleging two Counts against Defendant. Count I advances a negligence claim, alleging that "Defendant was negligent in one or more of the following particulars:" (1) "negligently allow[ing] a foreign object to contaminate a food product that it offers for sale;" (2) "negligent[ly] failing to supervise its employees and to keep them from allowing foreign objects to be in its food products;" (3) "negligent[ly] failing to inspect its food products for foreign objects that may cause harm to its patrons, including Plaintiff;" and (4) "negligent[ly] serving or causing to be served to Plaintiff food items which were contaminated with foreign objects." Id. ¶ 12. Count II advances a claim of "Serving Adulterated Food," alleging that "Defendant served adulterated food to Plaintiff in one or more of the following particulars:" (1) "offer[ing] for sale a bacon cheeseburger which was adulterated;" and (2) "serv[ing] a bacon cheeseburger which was adulterated." Id. ¶ 17.

On May 22, 2014, Defendant filed a Notice and Petition for Removal with this Court, pursuant to 28 U.S.C. § 1332 and 1441, alleging diversity jurisdiction. ECF No. 1. Along with the Notice and Petition for Removal, Defendant filed a Demurrer/Motion to Dismiss, Answer and Affirmative Defenses.

ECF No. 2. Defendant alleges that Count I of Plaintiff's Complaint, entitled "NEGLIGENCE", should be dismissed "to the extent (if any) that [Plaintiff] purports to allege negligent supervision, as no such cause of action exists under Virginia law." Id. ¶ 2. Defendant further alleges that Count II of Plaintiff's Complaint, entitled "SERVING ADULTERATED FOOD," should be dismissed entirely, "as no such cause of action exists under Virginia law (and, even if such did, Plaintiff failed to plead sufficient facts to support such cause of action)." Id. ¶ 3. Defendant filed a supporting brief on June 2, 2014. ECF No. 8. Plaintiff filed her responsive brief on June 16, 2014, ECF No. 9, and Defendant filed its reply brief on June 19, 2014, ECF No. 11. Accordingly, this matter is ripe for review.

## II. STANDARD OF REVIEW

"Federal courts sitting in diversity apply federal procedural law and state substantive law." Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co., 736 F.3d 255, 261 n.3 (4th Cir. 2013) (citing Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996)); see also Hottle v. Beech Aircraft Corp., 47 F.3d 106, 109 (4th Cir. 1995) (observing that "a federal court is to apply state substantive law and federal procedural law in diversity cases"). Accordingly, with respect to those claims on which the Court's jurisdiction is based upon diversity of the parties, the Court applies the substantive law of the

4

forum state. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State.").

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint, or a claim within a complaint, based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (omission in original). The United States Supreme Court has interpreted the pleading standard set forth in Rule 8(a) as requiring that a complaint include enough facts for the claim to be "plausible on its face" and thereby "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 570 (internal citations omitted). The plausibility requirement is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility" that a defendant is liable.

5

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663.

Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" Kensington Volunteer Fire Dep't v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011)). Accordingly, "'Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.'" Twombly, 550 U.S. at 555 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (omission in original). A complaint may therefore survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Although the truth of the facts alleged in a complaint is assumed, district courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore

6

Mkts., Inc. v. J.D. Assocs. Ltd., 213 F.3d 175, 180 (4th Cir. 2000). In ruling on a 12(b)(6) motion, a district court "may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'" Kensington Volunteer Fire Dep't, 684 F.3d at 467 (quoting Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)).

### III. DISCUSSION

#### A. Count I - Negligence

Defendant asserts that "any purported claim of negligent supervision [in Plaintiff's Complaint] fails as a matter of law" because "[t]he Supreme Court of Virginia has found that negligent supervision is not a recognized cause of action in Virginia" and, even if "Virginia did recognize 'negligent supervision,' Plaintiff has failed to plead any specific facts to suggest that Defendant was remiss in supervising its employees." Def.'s Br. Supp. Mot. to Dismiss at 3-4, ECF No. 8. Plaintiff argues that she "does not make [her] claim [of negligence] based solely on negligent supervision," but rather claims "that a food product prepared by Defendant and sold for the purpose of consumption by Plaintiff was . . . unreasonably dangerous for consumption . . . due to the Defendant's failure to exercise due care in preparing the food product." Pl.'s Br. in Opp'n at 4, ECF No. 9.

7

It has long been the law in Virginia that a "product must be fit for the ordinary purposes for which it is to be used." Logan v. Montgomery Ward & Co., 219 S.E.2d 685, 687 (Va. 1975). "[W]here a plaintiff allegedly suffers injury from a deleterious substance in food," the plaintiff must "show '(1) that the goods were unreasonably dangerous either for the use to which they would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the defendant's hands.'" Harris-Teeter, Inc. v. Burroughs, 399 S.E.2d 801, 802 (Va. 1991) (quoting Logan, 219 S.E.2d at 687); see also Bussey v. E.S.C. Rests. Inc., 620 S.E.2d 764, 767 (Va. 2005). In addition, although "a plaintiff need not present evidence of a standard of care in an unwholesome foods case," Sutton v. Roth, LLC, 361 F. App'x 543, 547 (4th Cir. 2010) (quoting Harris-Teeter, 399 S.E.2d at 802),[2] "'the plaintiff attempting to prove negligence must [also] prove . . . that the defect was the result of the defendant's failure to exercise due care,'" Phipps v. Ruby Tuesday, Inc., 2013 U.S. Dist. LEXIS 21333, 4-5 (W.D. Va. Feb. 15, 2013) (quoting Chestnut v. Ford Motor Co., 445 F.2d 967, 969 (4th Cir. 1971)) (granting defendant's motion for summary

---

[2] The Supreme Court of Virginia has held that "where the right of action is founded upon negligence, there can be no logical application of a different rule," whether the action is based on "unwholesome food sold for consumption" or "the finding of a foreign substance in food products." Norfolk Coca-Cola Bottling Works, Inc. v. Krausse, 173 S.E. 497, 501 (Va. 1934).

8

judgment where plaintiff discovered "a small piece of clear glass" in a salad she had prepared from defendant's salad bar, but "offered nothing showing that [defendant] failed to exercise due care in operating its salad bar").

The law in Virginia is less clear regarding whether, and under what circumstances, a plaintiff may bring a cause of action for negligent supervision. In <u>Chesapeake & Potomac Tel. Co. of Va. v. Dowdy</u>, 365 S.E.2d 751 (Va. 1988), The Supreme Court of Virginia considered "whether the common law of Virginia recognizes a tort of negligent supervision of an employee by the employer and its managerial personnel." <u>Id.</u> at 751. Recognizing that "[t]here can be no actionable negligence unless there is a legal duty, a violation of the duty, and a consequent injury," the court concluded, "[i]n Virginia, there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances and we will not create one here." <u>Id.</u> at 754.

Although "almost all Virginia circuit judges presented with [a negligent supervision] claim have sustained demurrers to it," <u>Hoover v. Epicurian, Inc.</u>, Va. Cir. 153, 154 (Norfolk 2012), at least one Virginia court has observed that "the [Virginia] Supreme Court's holding in <u>Dowdy</u> was limited" and has allowed such a claim to proceed, <u>id.</u> (discussing <u>Hernandez v. Lowe's Home Ctrs., Inc.</u>, 83 Va. Cir. 210 (Norfolk 2011)); <u>see also</u>

9

Crouse v. Med. Facilities of Am. XLVIII, 86 Va. Cir. 168, 186 (Roanoake Jan. 22, 2013) (observing that "Virginia law remains unsettled on whether there is *ever* a common law duty to supervise").

The Hernandez court certainly recognized the significance of its ruling, noting that it was aware of "only two courts [that] have allowed a case to proceed on such a theory" of negligent supervision. Hernandez, 83 Va. Cir. at 215. However, in so ruling, the court pointed out that the Virginia Supreme Court had already "recognize[d] liability for negligent hiring and negligent retention," which holds an employer "liable when its failure to use reasonable care [in hiring or retention] foreseeably creates a danger of harm to others." Id. at 214. Concluding that "negligent supervision is simply another form of liability for negligence," the Hernandez court recognized that "ordinary care and skill may require a duty of supervision when [a defendant employer] directs an employee to engage in . . . dangerous activity." Id. Thus, because "Dowdy did not address whether an employer can be held liable to a third party for negligent supervision of an employee," and because the specific facts of Hernandez involved a defendant employer that had allegedly "failed to supervise an employee engaged in dangerous activity such that it harmed a third-party invitee," the court allowed the negligent supervision claim to proceed. Id. at 213.

10

In this case, the Court need not determine whether a claim of negligent supervision would ever be cognizable under Virginia law, because Plaintiff fails to properly allege such a claim in her Complaint. In one sub-paragraph of her Complaint, Plaintiff baldly asserts the legal conclusion that "Defendant was negligent in failing to supervise its employees and to keep them from allowing foreign objects to be in its food products." Compl. ¶ 12(b), ECF No. 1-1. However, "Plaintiff fails to allege any facts supporting a duty on Defendant's part," Morgan v. Wal-Mart Stores E., LP, No. 3:10CV660, 2010 U.S. Dist. LEXIS 116400, at *12 (E.D. Va. Nov. 1, 2010), such as facts demonstrating that Defendant's employees were "engage[d] in [a] dangerous activity" where "ordinary care and skill may require a duty of supervision" by Defendant, Hernandez, 83 Va. Cir. at 214. See, e.g., John L. Costello, Virginia Remedies § 17.14, at 17-98 (4th ed. 2011) ("Of course, there can be no talk of negligence in any degree until the existence of a duty of care is established."). Plaintiff also "fails to specify what actions of Defendant constituted a breach of [its] duty," including what Defendant "could or should have done differently while supervising [its employees] to prevent or correct their allegedly negligent conduct," Onsager v. Frontera Produce Ltd., No. 13-66-BU-DWM-JCL, 2014 U.S. Dist. LEXIS 107211, at **25-26 (D. Mt. July 10, 2014). See, e.g., Charles E. Friend, Personal

11

Injury Law in Virginia § 3.2, at 36 (3d ed. 2003) (observing that "a party is not charged with foreseeing that which could not be expected to happen" and, thus, "if an injury occurs only through exceptional circumstances which could not have been anticipated, it is not negligence to fail to take precautionary measures to prevent such an injury"). Finally, Plaintiff "fails to allege facts tending to show how such a breach proximately caused Plaintiff's injury." Morgan, 2010 U.S. Dist. LEXIS 116400, at *12. See, e.g., Friend, supra § 4.1[E], at 76 (observing that "an act or omission is not the proximate cause of an injury unless the injury was foreseeable," and explaining that "one is not liable for consequences which are merely 'possible,' but only for those which are 'probable' in light of 'ordinary and usual' experience"). Accordingly, because in Virginia there is "no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances," Dowdy, 365 S.E.2d at 754, and because, in any event, Plaintiff fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 663, the Court **GRANTS** Defendant's Motion to Dismiss "to the extent . . . that [Plaintiff] purports to allege negligent supervision," Def.'s Mot. to Dismiss ¶ 2, ECF No. 2.

## B. Count II - Serving Adulterated Food

Defendant asserts that Count II of Plaintiff's Complaint should be dismissed in its entirety because Plaintiff's claim of "'serving [of] adulterated food' is not a separate cause of action, but rather a factual allegation supporting Plaintiff's theory of liability against Defendant," and because Virginia "case law is devoid of any reference to an independent tort of 'serving adulterated food.'" Def.'s Br. Supp. Mot. to Dismiss at 5, ECF No. 8. Plaintiff disagrees, arguing that "Virginia Code Section 3.2-5122 defines under what circumstances food should be deemed to be adulterated" and that she "has maintained factual allegations in [her] Complaint to support the claim of serving adulterated food." Pl.'s Br. in Opp'n at 5, ECF No. 9.

Virginia law provides that the "manufacture, sale, or delivery, holding or offering for sale of any food that is adulterated or misbranded" is "unlawful." Va. Code § 3.2-5126(A)(1). "Any person who violates any of the provisions of subsection A is guilty of a Class 1 misdemeanor," id. § 3.2-5126(B), but it is solely "the duty of each attorney for the Commonwealth, to whom the Commissioner reports any violation of this article, to cause appropriate proceedings to be instituted in the appropriate courts," id. § 3.2-5128(B).[3] Thus, regardless

---

[3] The Court recognizes that the Commissioner is not required to report all violations to the Commonwealth's Attorney, if the

13

of whether the bacon cheeseburger consumed by Plaintiff meets the definition of "adulterated food" found in Va. Code. § 3.2-5122, it does not appear that Virginia recognizes a private cause of action for serving adulterated food and Plaintiff points to no authority suggesting otherwise. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Count II of Plaintiff's Complaint.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss, ECF No. 2, is **GRANTED**. Specifically, the Court **DISMISSES** any claim of negligent supervision contained in Count I of Plaintiff's Complaint, and **DISMISSES** Count II of Plaintiff's Complaint in its entirety.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 22, 2014

---

Commissioner "believes that the public interest will be adequately served in the circumstances by a suitable written notice or warning." Va. Code § 3.2-5128(C).